IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO: 1:18-cv-609

CENTRAL MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

SERVICE LOGISTICS & WAREHOUSING, LLC,

    Defendant.

**COMPLAINT FOR DECLARATORY RELIEF**

NOW COMES Plaintiff, CENTRAL MUTUAL INSURANCE COMPANY (hereinafter "Central"), by and through undersigned counsel, complaining of Defendant and seeking declaratory judgment, hereby alleges and states as follows:

1. This is a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and 2202, in which Central seeks a determination of its rights and responsibilities under a specific policy of insurance issued to Service Logistics & Warehousing, LLC.

2. Plaintiff Central is a corporation duly formed and existing by virtue of the laws of Ohio. At all times relevant to this Complaint, Central was licensed to conduct business in the State of North Carolina.

3. Upon information and belief, Defendant Service Logistics & Warehousing, LLC (hereinafter "Defendant") is a limited liability company registered under the laws of the State of North Carolina with its registered office and principal place of business located at 302 South Henry Street in Stoneville, Rockingham County, North Carolina.

4. That the Defendant is in the business of storing property on behalf of others in the furniture business.

5. That Plaintiff issued to Defendant a policy of insurance evidenced by Policy No. CLP 8114712 23 upon which certain claims have been made and upon which forms the basis of this action.

## VENUE AND JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs.

7. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(a) and (c).

## CLAIM FOR DECLARATORY RELIEF

8. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy by the Parties.

9. There exists a real, substantial and justiciable issue in controversy between the Parties hereto with respect to the existence of insurance coverage for policies of insurance issued by Central under Policy No. CLP 8114712 23. A true and accurate copy of the Policy is attached hereto as Exhibit A.

10. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because USLI has no adequate remedy at law which will resolve the current controversy.

## FACTUAL BACKGROUND

A. The Underlying Claim

11. On or about January 9, 2018, a frozen pipe in a wet pressurized fire sprinkler system burst at a warehouse owned by Stoneville Furniture Properties, Inc., located at 302 South

2

Case 1:18-cv-00609-UA-LPA   Document 1   Filed 07/10/18   Page 2 of 8

Henry Street in Stoneville, Rockingham County, North Carolina.

12. That the burst allegedly resulted in water damage to the ground level of the warehouse, which was leased by Defendant.

13. That the water damage purportedly caused damage to certain inventory stored by Defendant on behalf of its customer, the Bramble Company.

14. On or about the same day, Defendant filed a claim with Central for the damaged inventory ("The Claim").

15. That the inventory which was damaged was not the property of Defendant.

16. That the inventory which was damaged was being stored by Defendant on behalf of its customer the Bramble.

17. That during the investigation of this claim, Defendant provided documentation to Central including bills of lading and purchase receipts from the Bramble Company to provide evidence of the inventory damaged on the date of loss, copies of which are attached hereto as <u>Exhibit B</u>.

18. That the bills of lading and purchase receipts provided to Central were not generated or created by Defendant.

19. Upon information and belief, no written contract exists between Defendant and the Bramble Company as it relates to the inventory purportedly damaged which is part of The Claim.

20. Upon information and belief, Defendant did not issue any type of receipt to the Bramble Company upon being provided the inventory which forms the basis of The Claim.

21. That upon information and belief, Defendant did not issue a warehouse receipt to the Bramble Company upon being provided the inventory which forms the basis of The Claim.

22. Upon information and belief, the Defendant did not create or provide any document to The Bramble Company when Defendant took possession of the inventory that forms the basis of The Claim.

### B. Relevant Insuring Policy

23. Central issued a renewal of Commercial General Liability Policy No. CLP 814712 23 (hereinafter the "Policy") to Defendant on September 20, 2017, for the Policy Period of November 1, 2017 to November 1, 2018. The Policy provides the Defendant with Commercial General Liability Coverage and specific $500,000 in limits for warehouse legal liability coverage.

## DECLARATORY JUDGMENT

Plaintiff incorporates as if fully set forth herein the allegations contained within Paragraphs 1 through 19 of the Complaint.

24. Central asserts that the January 9, 2018 loss and resulting damage falls outside the scope of coverage afforded in Policy No. CLP 8114712 23, which would foreclose any obligation or duty on the part of Central to provide coverage to Defendant.

### A. The Policy Does Not Afford Coverage to Damage to Property Owned, Rented, or Occupied by Defendant

25. The Commercial General Liability Coverage Form of the Policy provides that Central will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury and "property damage" covered under the Policy.

26. However, Section I, Subsection 2, Subpart j, excludes coverage for certain property damage, specifically:

> **j. Damage to Property**
>
> **(1) Property you own, rent, or occupy, including any costs or expenses**

> **incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property.**
>
> …
>
> **(4) Personal property in the care, custody or control of the insured.**

27. Upon information and belief, Defendant entered into an oral contract to rent the warehouse space where the loss occurred from Stoneville Furniture Properties, Inc.

28. That the location of the reported loss which forms the basis of The Claim was not owned by Defendant.

29. That pursuant to the definitions of the Policy, Central does not owe coverage for any damages to the ground floor of the warehouse where Defendant conducted its business operations.

30. That the alleged damaged inventory which forms the basis of The Claim was property loaned to the Defendant and/or property in Defendant's custody, care or control.

31. That the alleged damaged inventory which forms the basis of The Claim was not property covered under the Commercial General Liability Coverage Form.

32. That the parties have an actionable, justiciable controversy as to the parties' rights and obligations in accordance with the applicable policy of insurance, and as to the validity and enforcement of said contract, and desire that the Court declare the rights and obligations as to said issues.

**B. Damaged Inventory Not Stored Under a "Warehouse Receipt" Issued by Defendant**

33. The Warehouse Legal Liability Coverage Form of the Policy provides coverage

for legal liability for loss to covered property:

    **a. While under "your" care, custody, and control; and**

    **b. That "you" become legally obligated to pay as a warehouse operator under a "warehouse receipt" issued by "you."**

34. Under the same form, coverage extends to direct physical loss caused by a covered peril to property of others that the Named Insured stores at its warehouse.

35. However, the Policy only provides coverage for the property of others:

    **a. While in storage in a warehouse building that is described on the "schedule of coverages" or within 100 feet of the described warehouse building; and**

    **b. That is described in "your" "warehouse receipt."**

36. The Policy defines "warehouse receipt" as a receipt issued by "you" to "your" customer acknowledging that property is being stored at "your" warehouse and includes: (a) a description of the property; (b) the weight or number of units being stored; and (c) the limited liability assumed by "you."

37. That according to the Policy, property not stored under a "warehouse receipt" issued by the Named insured does not fall within the purview of coverage under the Policy.

38. That the provision of the insuring agreement regarding a warehouse receipt is clear and unambiguous.

39. That the provision of the insuring agreement regarding a warehouse receipt is material.

40. That the provision of the insuring agreement regarding a warehouse receipt is a condition precedent to any obligation of Central to provide coverage for any claim for damage to

property of others.

41. That inventory claimed as a loss by Defendant was not stored under a "warehouse receipt" as defined by the Policy.

42. The inventory which forms the basis of The Claim was not identified in any document created or generated by Defendant at the time Defendant took possession of said inventory.

43. That Defendant failed to issue any documents or receipts to its customer, the Bramble Company, evidencing the inventory that it was storing at the Stoneville warehouse.

44. That Defendant did not issue any receipt to its customer, the Bramble Company, assuming the limited liability of the inventory being stored.

45. That, as such, Defendant has failed to comply with a condition precedent to any claim including The Claim identified herein.

46. That the parties have an actionable, justiciable controversy as to the parties' rights and obligations in accordance with the applicable policy of insurance, and as to the validity and enforcement of said contract, and desire that the Court declare the rights and obligations as to said issues.

47. That the policy in full, including but not limited to the provisions cited within this Action, does not provide coverage for the inventory owned by The Bramble Company or any other third party which was in the care of Defendant.

WHEREFORE, Plaintiff, Central Mutual Insurance Company, respectfully prays for relief as follows:

1. That this Court grant Central a judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 against Defendant and declare that Policy No. CLP 8114712 23 does not cover the

present claim filed by Defendant;

      2.      That this Court order a "speedy hearing" in accordance with Fed. R. Civ. P. 57;

      5.      That this Court award Central pre-judgment and post-judgment interest; and

      6.      That this Court award any further relief, in law or equity, to which Central may be entitled as determined by this Court.

This the 10th day of July, 2018.

                                                  /s/ Jeffrey D. Keister_____
                                                JEFFREY D. KEISTER
                                                Bar No: 28612
                                                Attorney for Plaintiff
                                                McAngus Goudelock & Courie, PLLC
                                                Post Office Box 30516
                                                Raleigh, North Carolina 27622
                                                (919) 719-8200
                                                jkeister@mgclaw.com